UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANIBAL HERNANDEZ FLORES,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-04487-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

This habeas action concerns the detention of Anibal Hernandez Flores, a noncitizen who was released from immigration detention by immigration authorities in 2019 but was recently re-detained. This matter is before the Court on Petitioner's writ of habeas corpus. *See* ECF No. 1. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus in part, and orders that Petitioner be provided a substantive, constitutionally adequate bond hearing before an immigration judge.

## I. BACKGROUND

Petitioner is a citizen of Honduras who entered the United States at an unknown time. *See* ECF No. 1 ¶ 12; ECF 12-1 at 6. On June 14, 2019, Petitioner was briefly detained by U.S. Border Patrol in Hidalgo, Texas, issued a Notice to Appear before the Immigration Court, and then released from custody. ECF No. 12-1 at 6. Since his release over seven years ago, Petitioner has resided in the United States with his wife and daughter who both depend on him for financial support. ECF. No. 1 ¶ 23.

Respondents contend that Petitioner may be detained under 8 U.S.C. § 1225(b)(2). In support, Respondents attached a "Warrant for Arrest of Alien" signed by an immigration officer and stating that "there is probable cause to believe that [Petitioner] is removable from the United

United States District Court
Eastern District of California

States." ECF No. 15-2 at 1. Respondents also attached an I-213 Form, as well as a RAP sheet which indicate that Petitioner has been arrested on charges for battery on multiple occasions, and was placed on probation (though adjudication was withheld) on June 17, 2025. ECF No. 12-1 at 6; ECF No. 15-2 at 6–11.

Petitioner was re-detained by ICE on April 26, 2026 after he was arrested by law enforcement for driving without a license. ECF No. 12-1 at 6. On June 11, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his re-detention violates the due process clause of the Fifth Amendment. *See* ECF No. 1 at ¶¶ 46–49. He requests either a bond hearing or further relief as the Court deems appropriate. *Id*. at 17.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2) as Respondents contend. *See* ECF No. 15 at 2. This Court—as well as the majority throughout the Ninth Circuit—have already concluded that Section 1225(b)(2) does not apply to non-citizens like Petitioner who were previously released by the government. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*,

No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). "[F]or the reasons set forth in numerous district court decisions in the past few months, § 1225(b)(2) does not apply to persons like Petitioner who were previously taken into custody and then released (such as under parole or supervised release)." *Bautista Villanueva v. Bondi*, No. 25-CV-04152-ABA, 2026 WL 100595, at *1 (D. Md. Jan. 14, 2026) (collecting cases).

The Court next turns to Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**A. Liberty Interest**

Though neither party has specified exactly what Petitioner's custody status was between the time of his release in 2019 to the date of his detention in April 2026, records submitted by Respondents indicate that Petitioner he was *released* by immigration authorities. *See* ECF No. 12-1 at 6 (noting Petitioner was "issued a Notice to Appear [] and released "). Given that Petitioner was released into the interior of the United States—and the fact that Respondents have only argued that 8 U.S.C. § 1225(b)(2) controls his detention—the court need not determine precisely what statute applies here because Petitioner has a protected liberty interest in his continued freedom. *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012-DAD-SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (same).

"[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond."). As such, the Government's election to release petitioner "provided [him] with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also He v. Lyons*, No. 25-CV-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, 791 F.Supp.3d 1021, 1029 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

**B. *Mathews* Factors**

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over seven years. During those years he has been allowed to live at

liberty with his family. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, there is a risk of erroneous deprivation because Petitioner has not been afforded a hearing. In releasing Petitioner in 2019, DHS necessarily concluded that he was not a flight risk or danger to the community. *Noori v. LaRose, et al.,* 807 F. Supp. 3d 1146, 1167 (S.D. Cal. 2025) (In general, "'[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'") (quoting *Saravia v. Sessions,* 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions,* 905 F.3d 1137 (9th Cir. 2018)). Redetaining Petitioner without any demonstration that he violated the terms of his release could result in a mistaken deprivation of his liberty.

The record, however, shows that Petitioner may have violated the terms of his release given his arrests and issuance of probation. But the relevant question is whether these events constitute changed circumstances that would justify an immigration judge revoking Petitioner's release.

In instances where the Government has previously detained and then released a noncitizen, Courts in this Circuit have generally ordered release and a pre-deprivation hearing before a Petitioner may be re-detained. But some courts have found that, under circumstances where an individual has been arrested for a serious offense, "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] would have been impracticable and/or would have motivated his flight." *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (collecting cases ordering bond hearings, rather than release, under similar circumstances). "[A]llowing a neutral arbiter to review the facts would significantly reduce the risk of erroneous deprivation." *Guillermo M. R.*, 791 F.Supp.3d at 1035. Thus, the Court concludes that prompt, post-deprivation process is required here.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega*, 415 F. Supp. 3d at 970; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal"

cost. *Id.* at 1094. Providing Petitioner with a post-deprivation hearing here would impose a minimal burden on the Government relative to the due process concerns.

**IV. CONCLUSION AND ORDER**

For the reasons stated above, the Petition is GRANTED in part. IT IS HEREBY ORDERED that:

1. Petitioner SHALL be provided a *substantive* bond hearing within fourteen (14) days at which an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.

2. At any such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner SHALL be allowed to have counsel present.

3. Petitioner SHALL be released if the Immigration Judge determines the Government has not met their burden.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.[1]

**IT IS SO ORDERED.**

Dated: July 15, 2026

Noël Wise
United States District Judge

[1] The Parties' stipulation at ECF No. 18 seeking to transfer Petitioner back to the Eastern District of California is denied as moot in light of this order.